**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHEN FRANCIS DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:26 CV 1605 RWS |
| | ) | |
| POSTMASTER GENERAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This is not the first time Plaintiff Stephen Daniels seeks to assert claims against the defendants. Two months ago I dismissed his lawsuit against the same defendants based on a failure to state a claim. His present lawsuit asserts the same claims of disability discrimination, constructive discharge, and retaliation. Because Daniels' lawsuit fails to state a claim I will dismiss this case.

**Background**

On October 31, 2025, Daniels filed a previous lawsuit pro se asserting the same claims based on the same facts that are the basis of his present pro se lawsuit.[1] See Daniels v. Postmaster General, et al., 4:25 CV 1632 RWS. On September 9, 2026, I dismissed Daniels' lawsuit for failing to state a claim. I also

[1] Daniels has added some minor factual assertions and a hostile work environment claim to his present lawsuit. My order dismissing his previous case found that he failed to assert facts that would support a claim of constructive discharge or a claim for a hostile work environment. His present lawsuit also fails to assert facts that would support a hostile work environment claim.

denied his post-dismissal motion to amend his complaint for three reasons. First, post-dismissal motions to amend are disfavored in the interest of finality. In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig., 623 F.3d 1200, 1208 (8th Cir. 2010) Second, Daniels failed to file a proposed amended complaint as required with such a motion. SBFO Operator No. 3, LLC v. Onex Corp., 101 F.4th 551, 562 (8th Cir.) (generally, a party must submit the proposed amendment to its complaint along with its motion.) (cleaned up). Third, his motion failed to explain how he would amend his complaint to establish his claims.

On October 6, 2026, Daniels filed this lawsuit. In the "Original Filing Form" Daniels filed with his complaint, Daniels checked the box indicating that "Neither this same case, nor a substantially equivalent complaint, has been previously filed in this court, and therefore may be opened as an original proceeding." That is not true. This case is substantially equivalent to his previous lawsuit. Moreover, Daniels' current complaint is titled "Amended Complaint." He filed it with a document entitled "Notice of Filing of Amended Complaint" in which Daniels stated that "The Amended Complaint includes clarified factual allegations, corrected paragraph structure, and additional details supporting Plaintiff's claims under the Rehabilitation Act, ADA, ADEA, and related federal law." Daniels' filings clearly establish that his present complaint is simply a modified version of the complaint he filed in his dismissed lawsuit.

Before I address the present complaint, I must rule on Daniels' application to proceed in district court without prepaying fees or costs. Based on Daniels' financial information, I will grant his application and waive his filing fee. Because Daniels is proceeding in forma pauperis, his complaint is subject to an initial review. On initial review under 28 U.S.C. § 1915(e)(2)(B), I will dismiss this action for failure to state a claim upon which relief may be granted on the same grounds I dismissed his previous lawsuit. In addition, this case is subject to dismissal because it was filed past the deadline to assert these employment discrimination claims.

**Legal Standard on Initial Review**

Complaints filed in forma pauperis by non-prisoners are subject to pre-service review pursuant to 28 U.S.C. § 1915(e)(2)(B). See Carter v. Schafer, 273 F. App'x 581 (8th Cir. 2008). Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "Determining whether a complaint states a plausible claim

for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Barton v. Taber, 820 F.3d 958, 964 (8th Cir. 2016); see also Brown v. Green Tree Serv. LLC, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015) (quoting Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); see also Stone, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**Discussion**

Plaintiff was employed as a City Carrier Assistant for the postal service for

one month—from November 12, 2022 to December 15, 2022, before he resigned.[2] During his tenure, he reported to work five days. At the time, he was 63 years old and he alleges he suffered from gout.

Daniels' previous complaint asserted claims under the Rehabilitation Act (RA), 29 U.S.C. § 701 et seq., Americans with Disabilities Act (ADA), 42 U.S.C. § 12102 et seq., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. alleging the United States Postal Service discriminated against him based on his age and disability and retaliated against him. His amended complaint asserts the same claims based on the same facts as in his original complaint with some minor non-material differences.[3] I find that Daniels' present complaint does not add any new material information that would cure the deficiencies of the dismissed complaint in his previous case, Daniels v. Postmaster General, et al., 4:25 CV 1632 RWS. I hereby adopt my Memorandum and Order dated September 4, 2026, which dismissed Daniels' previous case as the grounds for dismissing the present case for a failure to state a claim. ECF No. 11. That order thoroughly reviewed the factual basis of Daniels' claims and discussed the legal grounds why

---

[2] A City Carrier Assistant is described by the United States Post Office as "full-time alternates for regular letter carriers." *See* https://about.usps.com/careers/city-carrier-assistants/ (last visited Aug. 27, 2026).

[3] Daniels deleted his claims under the ADA and, as noted in the earlier footnote, Daniels' amended complaint asserts a hostile work environment claim under the Rehabilitation Act and under "Title VII Federal-Sector Provisions." The facts he asserts in his amended complaint fail to establish such a claim for the same reasons I stated in the dismissal of his constructive discharge claim in his previous lawsuit. See ECF No. 11 at 12-13.

his complaint failed to state a claim for relief. That same analysis applies to Daniels' present complaint.

Moreover, Daniels' present complaint is subject to dismissal because it was filed more than 90 days after Daniels received Right to Sue letter from the EEOC. The EEOC issued the Right to Sue Letter on September 3, 2025. The letter informed Daniels that he had to file his lawsuit within 90 days of his receipt of the letter. Daniels filed the letter in his previous lawsuit on October 31, 2025. He is deemed to have "received" the letter no later than that date. His previous lawsuit was dismissed on September 4, 2026. Daniels' current lawsuit was filed on October 6, 2026, well past the 90-day deadline. Although, the 90-day requirement to file suit is not jurisdictional and is subject to equitable tolling, Daniels' present complaint does not cure the deficiencies of his previously dismissed complaint and fails to provide any other grounds for equitable tolling. Garfield v. J.C. Nichols Real Est., 57 F.3d 662, 666 (8th Cir. 1995) ("A dismissal without prejudice does not toll a statute of limitation. Indeed, its effect is just the opposite. Once a dismissal without prejudice is entered and the pending suit is dismissed, it is as if no suit had ever been filed.") (cleaned up).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs [3] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice** because it was filed out of time and for failure to state a claim upon which relief may be granted.

An Order of Dismissal will accompany this Memorandum and Order

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 10th day November, 2026.